## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LUJIE CHEN, CHENLI LIN,  XIA LIN, QING CHEN, and
BAOZHU WEI, individually and on their own behalf and on
behalf of all other similarly situated employees

           Plaintiffs,


       - against -

MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA
SUSHI HIBACHI AND BAR, ZHENGGUAN CHI and
FANNY GUNAWAN,


         Defendants.

Civil Action No.

## COMPLAINT

    Plaintiffs LUJIE CHEN, CHENLI LIN,  XIA LIN, QING CHEN, and BAOZHU WE on their own behalf and on behalf of all other similarly situated employees of Defendants MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR, ZHENGGUAN CHI and FANNY GUNAWAN (collectively "Defendants"), by and through their counsel of record, HANG & ASSOCIATES, PLLC bring this Complaint (the "Complaint") against Defendants, and allege, upon personal belief as to themselves and their own acts, and as for all other matters upon information and belief, and/or based upon the investigation made by their counsel, as follows:

## NATURE OF THE ACTION

1.  Plaintiffs bring this Complaint contending that Defendants have improperly failed to pay minimum wage and overtime compensation to their employees, and improperly deducted amounts

from the tips of their employees,  who work in Defendants' restaurant in Pennsylvania, pursuant to the minimum wage and overtime requirements of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and have failed to comply with the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.8, *et seq.*, and violated Pennsylvania common law.

2.     Plaintiffs LUJIE CHEN, CHENLI LIN, and XIA LIN were employed by Defendants as servers at Defendants' Restaurant.

3.     Plaintiff QING CHEN was employed by Defendants as a sushi chef at Defendants' Restaurant.

4.     Plaintiff BAOZHU WEI was employed by Defendants as a delivery packer and kitchen helper at Defendants' Restaurant.

5.     During their employment with Defendants, they were not properly compensated for the minimum wages pursuant to the FLSA and the PMWA.

6.     During their employment with Defendants, when Plaintiffs and all similarly situated employees worked more than forty (40) hours per week, they were not properly compensated for their overtime hours pursuant to the FLSA and the PMWA.

7.     During their employment with Defendants, Defendants failed to properly inform tipped employees about Defendants' policy of taking a tip credit against Defendants' minimum wage obligations to tipped employees, and Defendants required tipped employees to turn over a large percentage of their tips to Defendants and non-tipped employees.

8.     As a result of Defendants' improper and willful failure to pay its employees in accordance with the minimum wages and overtime requirements of the FLSA and the WPCL, and Defendants'

2

improper and willful conduct of unlawful tip deduction, Plaintiffs and all similarly situated employees have suffered damages.

9.     Plaintiffs bring this action to seek redress for Defendants' unlawful and improper conduct.

## JURISDICTION AND VENUE

10.     The Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer...in any Federal or State court of competent jurisdiction."

11.     In addition, the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 133l.

12.     The Court has jurisdiction over Plaintiffs' PMWA claim pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants maintain a principal place of business in this District and a substantial part of the events which gave rise to this litigation occurred in this District.

## PARTIES

14.     Plaintiff LUJIE CHEN resides in Queens, New York. Plaintiff LUJIE CHEN was employed at the Defendant's business MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR, as a waitress, from around February 13, to around June 18, 2018, and from around December 10, 2018, to around July 31, 2021.

15.     Plaintiff CHENLI LIN resides in Brooklyn, New York. Plaintiff CHENLI LIN was employed at the Defendant's business MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR, as a waitress, from October 25, 2021, to around December 21, 2021, and from around April 15, to November 25, 2022.

3

16.    Plaintiff XIA LIN resides in Philadelphia, Pennsylvania. Plaintiff XIA LIN was employed at the Defendant's business MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR, as a waitress, from around May 13, 2021, to around January 9, 2022, and from around April 15, 2022, to November 25, 2022.

17.    Plaintiff QING CHEN resides in Brooklyn, New York. Plaintiff QING CHEN was employed at Defendant's business MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR, as a sushi chef, from around September 1, 2018, to around June 31, 2019, and from around July 6, 2021, to November 25, 2022.

18.    Plaintiff BAOZHU WEI, resides in Brooklyn, New York. Plaintiff BAOZHU WE, was employed at Defendant's business MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR, as a delivery packer and kitchen helper, from around July 6, 2021, to around March 31, 2022, and from around May 1, 2022, to November 25, 2022.

19.    Defendant MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR ("MASA SUSHI") is incorporated in Pennsylvania and is registered to transact business at 2733 PAPERMILL RD, WYOMISSING, PA 19610. Defendants are engaged in a full-service restaurant business at the same address.

20.    Upon information and belief, Defendant ZHENGGUAN CHI is an owner, officer, shareholder, and manager of MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR. Upon information and belief, at all times relevant to the allegations herein, he had the power to hire and fire employees of MASA SUSHI, establish their wages, set their work schedules, and maintain their employment records.

21.    Upon information and belief, Defendant FANNY GUNAWAN is an owner, officer, shareholder, and manager of MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI

HIBACHI AND BAR. She is also the wife of ZHENGGUAN CHI. Upon information and belief, at all times relevant to the allegations herein, she had the power to hire and fire employees of MASA SUSHI, establish their wages, set their work schedules, and maintain their employment records.

22.    At all times relevant to this action, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including meat, seafood, produce, and alcohol. The enterprise has had an annual gross volume of sales made or business is done in an amount not less than $500,000.00. Therefore, the employees of Defendant MASA SUSHI are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l)(A) of FLSA.

23.    Defendant MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR is Plaintiffs' employer with the meaning of the FLSA and PMWA.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

24.    This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b) of the FLSA:

25.    All individuals who were employed by Defendant MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, during the past three years (the "Collective Action Members").

26.    Plaintiffs bring this case as a collective action to recover unpaid wages, unpaid overtime compensation, unlawful retained tips, liquidated damages, unlawfully withheld wages, statutory

penalties, attorneys' fees and costs, and damages owed to Plaintiffs and all similarly situated employees of Defendants.

27.    Plaintiffs estimate that there are at least 20 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using their payroll and personnel records. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Collective Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

28.    This action is properly maintained as a collective action because Plaintiffs are similarly situated to the collective action members they seek to represent. Plaintiffs and similarly situated restaurant employees were subject to the same uniform job description, compensation and overtime policies and practices, manuals, guidelines, scripts, standards, and operational procedures and practices. Further, Defendants' willful policy or practice, whereby they have failed to pay their employees proper compensation and overtime for all hours worked have affected Plaintiffs and similarly situated employees in the same fashion.

29.    Plaintiffs request the Court to authorize prompt notice to the Class to inform them of the pendency of this action and of their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid wages and overtime compensation and liquidated damages and other penalties under the FLSA.

## CLASS ACTION ALLEGATIONS

30.    Plaintiffs bring this action individually, and on behalf of the following Pennsylvania state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

All individuals who were employed by Defendants MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, during the past three years (the "Collective Action Members").

31.    The members of the Class are so numerous that the joinder of all members is impracticable. Plaintiffs estimate that there are at least 20 members of the Class who have been uniformly affected by Defendants' improper compensation and overtime policies and practices. The precise number of class members can be easily ascertained by Defendants using its payroll and personnel records. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this Class Action by posting notices at the Defendants' restaurant locations or alternatively by direct mail.

32.    There are questions of law and fact common to the Class, including, without limitation:

a. whether Defendants, based on its uniform and company-wide policies and practices, have failed to pay wages and overtime to Plaintiffs and the Class pursuant to the PMWA;

b. whether Plaintiffs and the Class are entitled to overtime compensation for services rendered in excess of 40 hours per week under the PMWA;

c. whether Defendants acted knowingly, willfully, or recklessly in violating the PMWA;

d. whether Plaintiffs and the Class have suffered and are entitled to damages, and, if so, in what amount;

e. whether liquidated, punitive damages, or special damages are warranted under the PMWA; and

f. whether Plaintiffs and the Class are entitled to declaratory or injunctive relief under the PMWA.

33.    Plaintiffs' claims are typical of the claims of the Class members. Plaintiffs worked as a server or chef or kitchen helper at Defendants' restaurant and suffered similar injuries as those

suffered by the Class members as a result of Defendants' company-wide compensation policies and practices and failure to pay overtime. Defendants' conduct in improperly refusing to pay overtime compensation under the PMWA has affected Plaintiffs and the Class in the exact same way.

34.   Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs are similarly situated to the Class and have no conflict with the Class members. Plaintiffs have retained competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

35.   This action is properly maintainable as a class action under Rules 23(b)(I), (b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure because: a) the prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants; b) Defendants, by failing to pay proper compensation to its employees in violation of the PMWA, have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or declaratory relief with respect to the Class as a whole; and c) the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

36.   Moreover, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims.

## FACTUAL ALLEGATIONS

37.    At all relevant times Defendants owned and operated MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610.

38.    Upon information and belief, Defendants employ 20 employees at any one time in their restaurant. Plaintiffs and a large number of Defendants' other employees have not received their: (i) wages for all hours worked; (ii) overtime pay; (iii) the full number of tips as required by the FLSA and PMWA

39.    The restaurant includes two sections, a common dining area, and a Hibachi area. Waitresses or waiters would rotate the sections in which they served customers. Each month Plaintiffs LUJIE CHEN, CHENLI LIN, and XIA LIN spent half a month in the dining area and half a month in the Hibachi area.

### *Plaintiff LUJIE CHEN*

40.    Plaintiff LUJIE CHEN was employed as a waitress at MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, from around February 13, 2018, to around June 18, 2018, and from around December 10, 2018, to around July 31, 2021.

41.    She was primarily employed as a waitress, but she was required to make the salad, clean the toilet, and do other miscellaneous work for the Defendants' restaurant.

42.    Throughout that time and, upon information belief, Plaintiff LUJIE CHEN normally spent two hours doing miscellaneous work every workday.

43.     From around February 13, 2018, to around June 18, 2018, Plaintiff LUJIE CHEN worked five to six (5-6) days per week with one to two (1-2) days off[1].

44.     From around December 10, 2018, to around July 31, 2021, Plaintiff LUJIE CHEN worked five (5) days per week with two (2) days off.[2]

45.     Before March 15, 2020, from Monday to Thursday, she worked from 10:30 am to 10:00 pm without any uninterrupted breaks; on Friday and Saturday, she worked from 10:30 am to 10: 30 pm without any uninterrupted breaks; on Sunday, she worked from 11:20 am to 9:00 pm any without uninterrupted breaks.

46.     After March 15, 2020, from Monday to Thursday, she worked from 10:30 am to 9:30 pm without any uninterrupted breaks; on Friday and Saturday, she worked from 10:30 am to 10: 00 pm without any uninterrupted breaks; on Sunday, she worked from 11:20 am to 9:00 pm without any uninterrupted breaks.

47.     From around February 13, 2018, to around June 18, 2018, Plaintiff LUJIE CHEN worked more than Forty (40) hours per workweek. Specifically, she worked Fifty-Six hours and Forty minutes per workweek or sixty-eight hours and ten minutes per workweek.

48.     From around December 10, 2018, to around March 15, 2020, Plaintiff LUJIE CHEN worked more than Forty (40) hours per workweek. Specifically, she worked Fifty-Six hours and Forty minutes per workweek.

49.     From around March 15, 2020, to July 31, 2021, Plaintiff LUJIE CHEN worked more than forty (40) hours per workweek. Specifically, she worked Fifty-Four hours and Forty minutes per workweek.

---

[1] Plaintiff was only allowed to have at most two random days off from Monday to Thursday.
[2] Plaintiff was only allowed to have two random days off from Monday to Thursday.

50.     Throughout her employment with Defendants, Plaintiff LUJIE CHEN received a base payment of $15 in cash per day regardless of how many hours she worked.

51.     Throughout her employment with Defendants, Plaintiff LUJIE CHEN also received tips from the customers, however, Defendants required Plaintiff to turn over around $500 per week when she worked in the dining area, and around $1000 when she worked in the Hibachi area. Hence, after the deduction, Plaintiff LUJIE CHEN could only receive around $1000 tips per week.

52.     Throughout her employment with Defendants, Plaintiff LUJIE CHEN was paid once per month in the combination of cash and check, she perceived one check per month in the amount of $200, and the remaining was paid by cash.

### *Plaintiff CHENLI LIN*

53.     Plaintiff CHENLI LIN was employed as a waitress at MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, from October 25, 2021, to around December 21, 2021, and from around April 15, 2022, to November 25, 2022.

54.     She was primarily employed as a waitress, but she was required to make the salad, clean the toilet, and do other miscellaneous work for the Defendants' restaurant.

55.     Throughout that time and, upon information belief, Plaintiff CHENLI LIN normally spent One-Hour doing miscellaneous work every workday.

56.     From around October 25, 2021, to around December 21, 2021, Plaintiff CHENLI LIN worked five (5) days per week with two days off[3].

57.     From around October 25, 2021, to around December 21, 2021, from Monday to Thursday, she worked from 10:30 am to 9:30 pm without any uninterrupted breaks; on Friday and Saturday,

---

[3] Plaintiff was only allowed to have two random days off from Monday to Thursday.

she worked from 10:30 am to 10: 00 pm without any uninterrupted breaks; on Sunday, she worked from 11:20 am to 9:00 pm without any uninterrupted breaks.

58.    During this period, Plaintiff CHENLI LIN worked more than forty (40) hours per workweek each workweek. Specifically, Plaintiff CHENLI LIN worked Fifty-Six hours and Forty minutes per workweek each workweek.

59.    During this period, Plaintiff CHENLI LIN received a base payment of $15 in cash per day regardless of how many hours he worked.

60.    From around March 20, 2022, to November 25, 2022, Plaintiff CHENLI LIN worked six (6) days per week with one day off[4].

61.    From around March 20, 2022, to November 25, 2022, from Monday to Thursday, she worked from 10:30 am to 9:30 pm without any uninterrupted breaks; on Friday and Saturday, she worked from 10:30 am to 10: 00 pm without any uninterrupted breaks; on Sunday, she worked from 11:20 am to 9:00 pm without any uninterrupted breaks.

62.    During this period, Plaintiff CHENLI LIN worked more than forty (40) hours per workweek each workweek. Specifically, Plaintiff CHENLI LIN worked Sixty-Seven hours and Forty minutes per workweek each workweek.

63.    During this period, Plaintiff CHENLI LIN received a base payment of $25 in cash per day regardless of how many hours she worked.

64.    Throughout her employment with Defendant, Plaintiff CHENLI LIN also received tips from the customers, however, Defendants required Plaintiff to contribute around $500 per week when she worked in the dining area, and around $1000 when she worked in the Hibachi area and

---

[4] Plaintiff was only allowed to have one random day off from Monday to Thursday.

share with cooks working in the kitchen. Hence, after the deduction, Plaintiff can only receive around $1,200 tips per week.

65.    Throughout her employment with Defendant, Plaintiff CHENLI LIN was paid once per month in the combination of cash and check, she perceived one check per month in the amount of around $500, and the remaining was paid by cash.

### Plaintiff XIA LIN

66.    Plaintiff XIA LIN was employed as a waitress at MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, from May 13, 2021, to around January 9, 2022, and from around April 15, 2022, to November 25, 2022.

67.    Throughout her employment with Defendants, she was primarily employed as a waitress, but she was required to make the salad, clean the toilet, and do other miscellaneous work for the Defendants' restaurant.

68.    Throughout that time and, upon information belief, Plaintiff XIA LIN normally spent One-hour doing miscellaneous work every workday.

69.    Throughout her employment with Defendants, Plaintiff XIA LIN worked six (6) days per week with one day off[5].

70.    From Monday to Thursday, Plaintiff XIA LIN worked from 10:30 am to 9:30 pm without any uninterrupted breaks; on Friday and Saturday, she worked from 10:30 am to 10: 00 pm without any uninterrupted breaks; on Sunday, she worked from 11:20 am to 9:00 pm without any uninterrupted breaks.

---

[5] Plaintiff was only allowed to have one random day off from Monday to Thursday.

71.     Plaintiff XIA LIN worked more than forty (40) hours per workweek each workweek. Specifically, Plaintiff XIA LIN worked Sixty-Seven hours and Forty minutes per workweek each workweek.

72.     From around May 13, 2021, to around January 9, 2022, Plaintiff XIA LIN received a base payment of $15 in cash per day regardless of how many hours she worked.

73.     From around April 15, 2022, to November 25, 2022, Plaintiff XIA LIN received a base payment of $25 per day regardless of how many hours she worked.

74.     Throughout her employment with Defendant, Plaintiff XIA LIN also received tips from the customers, however, Defendants required Plaintiff XIA LIN to turn over around $500 per week when she worked in the dining area, and around $1000 when she worked in the Hibachi area. Hence, after the deduction, Plaintiff XIA LIN could only receive around $1000 in tips per week.

75.     Throughout her employment with Defendant, Plaintiff XIA LIN was paid once per month in cash.

### *Plaintiff QING CHEN*

76.     Plaintiff QING CHEN was employed as a sushi chef at MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, from around September 1, 2018, to around June 31, 2019, and from around June 15, 2021, to November 25, 2022.

77.     Throughout his employment with Defendants, Plaintiff QING CHEN normally worked six (6) days per week with one day off[6]. From around September 1 to around October 15, 2021, Plaintiff QING CHEN worked seven (7) days a week due to the shortage of labor.

---

[6] Plaintiff was only allowed to have one random day off from Monday to Thursday.

14

78.     From around September 1, 2018, to around June 31, 2019, from Monday to Thursday, Plaintiff QING CHEN worked from 10:30 am to 9:00 pm without any uninterrupted breaks; on Friday and Saturday, he worked from 10:30 am to 10:00 pm without any uninterrupted breaks; and on Sunday, he worked from 11:20 am to 9:30 pm without any uninterrupted breaks.

79.     Accordingly, from around September 1, 2018, to around June 31, 2019, Plaintiff QING CHEN worked more than forty (40) hours per workweek. He typically worked Sixty-Four hours and Forty minutes per workweek.

80.     From around June 15, 2021, to November 25, 2022, from Monday to Thursday, he worked from 10:30 am to 9:00 pm without any uninterrupted breaks; on Friday and Saturday, he worked from 10:30 am to 9:30 pm any uninterrupted breaks; on Sunday, he worked from 11:20 am to 9:00 pm any uninterrupted breaks.

81.     From around June 15, 2021, to November 25, 2022, Plaintiff QING CHEN worked more than forty (40) hours per workweek, for the period Plaintiff QING CHEN took one day off per week, he typically worked Sixty-Three hours and Ten minutes per workweek; for the period Plaintiff QING CHEN worked seven (7) days a week due to the shortage of labor, he worked Seventy-Three hours and Forty minutes per workweek.

82.     Before December 2018, Plaintiff Qing Chen initially received a fixed weekly salary of $850; from December 2018 to June 31, 2019, Plaintiff Qing Chen received a fixed weekly salary of $875; from June 15, 2021, to around September 15, 2021, he received a fixed weekly salary of $1,050; from around September 16, 2021, to around the end of November 2021, he received a fixed weekly salary of $1,100; from around December 1, 2021, to around July 31, 2022, he received a fixed weekly salary of $1,200; from around August 1 to November 25, 2022, he received a weekly salary of $1,225.

83.     During his employment with Defendants, Plaintiff Qing Chen normally got paid on 15th and 30th of every month with the commutative combination of cash and check.

84.     During his employment with Defendants, Plaintiff Qing Chen shared the tip with around seven other cooks working in the Shushi bar. Typically, he would receive around $70 per week.

### *Plaintiff BAOZHU WEI*

85.     Plaintiff BAOZHU WEI was employed as a delivery packer and kitchen helper at MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR located at 2733 PAPERMILL RD, WYOMISSING, PA 19610, from around July 6, 2021, to November 25, 2022. And Plaintiff BAOZHU WEI took a break from March to April 2022.

86.     Throughout her employment with Defendants, Plaintiff BAOZHU WEI normally worked six (6) days per week with one day off[7].

87.     From Monday to Thursday, she worked from 10:30 am to 9:00 pm without any uninterrupted breaks; on Friday and Saturday, she worked from 10:30 am to 9:30 pm without any uninterrupted breaks; on Sunday, he worked from 11:20 am to 9:00 pm without any uninterrupted breaks.

88.     During this period, Plaintiff BAOZHU WEI worked more than forty (40) hours per workweek each workweek. Specifically, Plaintiff BAOZHU WEI worked Sixty-Three hours and Ten minutes per workweek.

89.     From around July 6, 2021, to around March 31, 2022, she received $2800 per month with around $400 tips regardless of how many hours she worked; from April 1, 2022, to around September 30, 2022, she received $3,100 per month with around $400 tips; from October 1, 2022, to November 25, 2022,  she received $3,500 per month with around $400 tips.

---

[7] Plaintiff was only allowed to have one random day off from Monday to Thursday.

90.     During her employment with Defendants, she was paid once per month in cash.

91.     At no point during Plaintiffs' employments with Defendants were they ever required to utilize any means of recording or verifying their hours worked (e.g., punch clock, sign-in sheet, fingerprint, or ID scanner).

92.     Plaintiffs' work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

93.     The work performed by Plaintiffs required little skill and no capital investment.

94.     Plaintiffs did not supervise other employees, did not have hiring and firing authority and their job duties did not include managerial responsibilities or the exercise of independent business judgment.

95.     Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs compensation for hours worked in excess of forty hours per week, including overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, PMWA and the supporting regulations.

96.     In addition to the Plaintiffs, during the time period Defendants usually employed at least Twenty (20) employees simultaneously.

97.     Such individuals have worked in excess of 40 hours a week providing cashier, cook, chef, waiter/waitress, food preparation, dish washer and cleaning, bookkeeping, delivery and other general restaurant services, yet the Defendants have likewise willfully failed to pay them for all hours worked at their agreed-upon rates as well as wages for overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the PMWA.

98.     As stated, the exact number of such individuals is presently unknown but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

99.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants routinely required Plaintiffs and the Collective Action Members/the Class to work long days and weekends such that they were required to work well in excess of forty (40) hours per week.

100.    During Plaintiffs' employment with Defendants, Defendants failed to properly inform tipped employees about Defendants' policy of taking a tip credit against Defendants' minimum wage obligations to tipped employees and required tipped employees to turn over a large percentage of their tips to Defendants and non-tipped employees.

101.    Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members/the Class, the Defendants failed to maintain accurate and sufficient time records.

102.    This practice violates the FLSA and the PMWA. See 29 U.S.C. § 207(a)(I). As a result of Defendants' unlawful practice, Plaintiffs and the Collective Action Members/the Class have suffered a loss of wages to which they are entitled under the FLSA and PMWA.

103.    Defendants knew or showed reckless disregard for the fact that its failure to pay their employees' overtime compensation was in violation of the FLSA and the PMWA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *et seq.***
**(MINIMUM WAGES AND OVERTIME)**

104.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

105.    At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for

"commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiffs are covered within the meaning of FLSA, U.S.C. §§206(a) and 207(a).

106.    At all relevant times, Defendants employed "employees" including Plaintiffs, within the meaning of FLSA.

107.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

108.    The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

109.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours they worked.

110.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

111.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

112.    Section 207(a)(I) of the FLSA states that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week. Plaintiffs and similarly situated employees regularly worked more than 40 hours per week, but were not paid overtime. Defendants failed to pay overtime wages to Plaintiffs and similarly situated employees.

113.     Defendants failed to accurately record actual hours worked by its employees.

114.     The foregoing actions of Defendants violate the FLSA.

115.     Defendants' actions were willful and not in good faith.

116.     Defendants are liable to Plaintiffs and similarly situated employees for actual damages, liquidated damages, and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**COUNT II**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 203(m), 216 *et seq.***
**(IMPROPER RETENTION OF TIPS)**

117.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

118.     Plaintiffs bring this Cause of Action pursuant to 29 U.S.C § 216(b) on behalf of themselves and all other similarly situated persons, if any, who consent in writing to join this action.

119.     Pursuant to U.S.C. § 203(m), FLSA prohibits an employer keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips regardless of whether or not the employer takes a tip credit. And it requires that tipped employees retain all their tips received.

120.     Upon information and belief, Defendants did not allow Plaintiffs and the FLSA Collective to retain all the tips they earned. Rather, upon information and belief, Defendants unlawfully retained and/or redistributed to non-tipped employees portions of the tips earned by Plaintiffs and the FLSA Collective.

121.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255. Defendants were aware or should have been aware that the practices described in this Collective Action Complaint were unlawful. Defendants have not made a good

20

faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the FLSA Collective.

122.    Because the Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

123.    Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the FLSA Collective, are entitled to recover from Defendants the tips that were unlawfully retained by the Defendants, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA, together with interest, reasonable attorneys' fees, costs and disbursements in connection with this action, pursuant to 29 U.S.C. § 216(b), Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

**COUNT III**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. §§ 333.101 *et seq.***
**(MINIMUM WAGES/OVERTIME)**

124.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

125.    At all times relevant to the Complaint, Defendants were employers as defined by the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.103(g) who employed Plaintiffs to perform as waiters,  kitchen helpers, or chefs defined by 43 P.S. § 333.103(f).

126.    By failing to compensate Plaintiffs at the applicable minimum wage for all hours worked in each workweek, along with overtime premium, Defendant has violated the PMWA, 43 P.S. § 333.104(a).

127.    The PMWA requires that covered employees be compensated for every hour worked in a workweek. See 43 P.S. § 333.l04(a).

128.    The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 43 P.S. § 333.104(c).

129.    Plaintiffs and the Class are the covered employees entitled to the PMWA's protections.

130.    Plaintiffs and other members of the Class are not exempt from receiving PMWA overtime benefits.

131.    Defendants are employers required to comply with the PMWA's mandates.

132.    Defendants violated the PMWA by failing to pay Plaintiffs and other members of the Class proper compensation for all hours worked and for time spent working in excess of 40 hours during the workweek.

133.    In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly applicable PMWA provisions.

**COUNT IV**
**PENNSYLVANIA WAGE PAYMENT COLLECTION LAW**
**43 P.S. § 260.1 *et seq.***
**((IMPROPER RETENTION OF TIPS)**

134.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

135.    Pursuant to the WPCL, 43 Pa. S. § 260.1 et seq. Plaintiffs and the members of the Class were entitled to receive all compensation due and owing to them on their regular payday.

136.    As a result of Defendants' unlawful policies, Plaintiffs and the members of the Class have been deprived of compensation due and owing.

137.    Further, due to Defendants' policy of deducting amounts from the tips of Plaintiffs and the Class to offset business expenses and improper tip pooling policy, Plaintiff and the Class were subject to improper deductions from their compensation.

138.    Plaintiffs, on behalf of themselves and the members of the Class, are entitled to recover from Defendants the amount of unpaid compensation with liquidated damages.

**COUNT V**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.108**
**WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.8**
**(FAILURE TO MAINTAIN RECORDS)**

139.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

140.    Pursuant to 43 P.S. §§ 333.108 and 260.8, and the regulations implementing these laws, including 34 Pa. Code §§ 231.31 and 231.36, defendants were required to keep and maintain records containing the total hours worked each day and each workweek and other information, for a period of three years and were required to furnish to each employee a statement with every payment of wages, listing, among other things, the hours worked, rates paid, gross wages, deductions and net wages.

141.    Upon information and belief, defendants failed to maintain true, accurate and complete records containing information regarding the total hours worked each day and workweek for the plaintiffs and the Pennsylvania Class and failed to furnish plaintiffs and the Pennsylvania Class with such information. The conduct of defendants was and is unlawful and in violation of the MWA and the regulations implementing the MWA and in violation of the WPCL.

**COUNT VI**
**PENNSYLVANIA COMMON LAW**
**PENNSYLVANIA MINIMUM WAGE ACT**
**43 P.S. § 333.101**
**WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.3**
**(BREACH OF CONTRACT)**

142.    Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

143.     The conduct of the plaintiffs and members of the Class and the defendants, including the promise of the defendants to pay plaintiffs and members of the Class all amounts due to them in compliance with state and/or federal law in exchange for the performance by plaintiffs and the members of the Classes of the duties of their employment, including their performance of their duties as restaurant employees, constitutes a valid contract between the parties.

144.     The aforesaid contract was supported by good and adequate consideration.

145.     Plaintiffs and the members of the Class fully performed all of the duties and obligations imposed upon them pursuant to their contract with defendants.

146.     The conduct of defendants, in failing to pay the plaintiffs and the members of the Class all of the overtime wages due to them and other benefits, constitutes a breach of the contract between the parties.

147.     Therefore, plaintiffs and the Class demand that they be paid overtime compensation, as required by the PMWA, 43 P.S. § 333.101, et seq. and the WPCL, 43 P.S. § 260.3, for every pay period they were not paid overtime and demand reimbursement for charges, expenditures or losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, plus return of all other coerced investments in the business of the employer, including their investment of time, during the Class period until the date of entry of judgment plus interest and attorney's fees.

**COUNT VII**
**PENNSYLVANIA COMMON LAW**
**(UNJUST ENRICHMENT)**

148.     Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

149.     Defendants have retained for themselves the wages due and owing to the plaintiffs and the Class resulting from overtime hours worked contrary to federal and Pennsylvania law and resulting from expenditures charged to and incurred by plaintiffs and the Class in direct consequence of the

discharge of their duties, or of their obedience to the directions of the employer, contrary to Pennsylvania law.

150.   Defendants have wrongfully failed, neglected and refused to pay to the plaintiffs and the Class all sums due to them as a result of which defendants have been unjustly enriched.

## COUNT VIII
## PENNSYLVANIA COMMON LAW
## (GENERAL ASSUMPSIT)

151.   Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

152.   Plaintiffs and the Class performed services, work and labor for Defendants for which Defendants agreed to pay in accordance with federal and Pennsylvania law.

153.   Defendants failed to pay plaintiffs and the Class in accordance with federal and Pennsylvania law for the services, work and labor performed by them for defendants.

154.   Instead, defendants have retained and appropriated for itself the payments due and owing to the plaintiffs and the Class resulting from overtime hours worked and expenditures charged to and incurred by plaintiffs and the Class in direct consequence of the discharge of their duties, or of their obedience to the directions of the employer, contrary to federal and Pennsylvania law.

155.   Defendants are indebted to plaintiffs and the Class for the services, work, and labor performed by plaintiffs and the Class and for money had and received by defendants for the use and benefit of plaintiffs and the Class during the Class period until the date of entry of judgment plus interest and attorneys' fees.

## COUNT IX
## PENNSYLVANIA COMMON LAW
## (QUANTUM MERUIT)

156.   Plaintiffs re-allege and incorporate by reference, all preceding paragraphs.

157.   Plaintiffs and the Class loyally and conscientiously served as employees of the defendants.

158.    Plaintiffs and the Class created value and goodwillllgoodwill for the Defendants and generated substantial income for the Defendants.

159.    The Defendants knew or should have known that Plaintiffs and other members of the class were to be fully paid for the work they performed, including overtime.

160.    The Defendants did not pay Plaintiffs and the Class overtime earned and accrued for the work they performed for the Defendants.

161.    Accordingly, Plaintiffs and the Class are entitled to money damages equal to the reasonable value of the labor provided to Defendants, plus interest and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully prays that the Court enter an order:

a.   certifying this action as a collective action pursuant to 29 U.S.C. § 216(b), and as a class action pursuant to Federal Rule of Civil Procedure 23;

b.   ordering Defendants to promptly file with this Court and furnish to counsel a list of all names and addresses of all employees who have worked for Defendants during the past three (3) years, and authorizing Plaintiffs' counsel to issue notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime compensation as required by the FLSA;

c.   adjudicating and declaring that Defendants' conduct as set forth above is in violation of the FLSA and the PMWA;

d.   adjudicating and declaring that Plaintiffs and similarly situated employees are entitled to minimum wages for the first 40 hours per week and overtime compensation for hours worked in excess of forty (40) hours per week;

e.  adjudicating and declaring that Defendants violated the FLSA and PMWA by failing to pay Plaintiffs and similarly situated employees for their hours worked in minimum wages and hours in excess of forty hours per week;

f.  awarding Plaintiffs and similarly situated employees unpaid wages including unpaid minimum wages and overtime in an amount consistent with the FLSA and PMWA;

g.  awarding Plaintiffs and similarly situated employees unlawfully retained gratuities/tips due under FLSA, and WPCL plus compensatory and liquidated damages;

h.  awarding Plaintiffs and similarly situated employees liquidated damages in accordance with the FLSA and PMWA;

i.  awarding Plaintiffs and the Class reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA and PMWA;

j.  awarding pre-and post-judgment interest and court costs as further allowed by law;

k.  granting Plaintiffs and the Class leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

l.  for all additional general and equitable relief to which Plaintiffs and the Class may be entitled.


Dated: Flushing, New York
          December 28, 2022


Respectfully Submitted,

HANG & ASSOCIATES, PLLC
*Attorneys for Plaintiffs, Proposed FLSA*
*Collective and Potential Rule 23 Class*

/s/ Jian Hang_____
Jian Hang, Esq.
Hang & Associates, PLLC

136-20 38th Ave. Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
Email: jhang@hanglaw.com

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

*Lujie Chen*

LUJIE CHEN (Print)

*Lujie Ch*

LUJIE CHEN Signature

12/23/22

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

_____
CHENLI LIN (Print)

_____
CHENLI LIN Signature

2022/12/23
_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Xia Lin
_____
XIA LIN (Print)

Xia Lin
_____
XIA LIN Signature

2022/12/23
_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.



QING CHEN (Print)

QING CHEN Signature

12/25/22
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by MASA SUSHI HIBACHI AND BAR PA LLC d/b/a MASA SUSHI HIBACHI AND BAR. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Baozhu wei

BAOZHU WEI (Print)

Bao zhu wei

BAOZHU WEI Signature

12/23/22

Date